NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3177

LICIA MOODY,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Licia Moody,  of Pensacola, Florida, pro se.

Christopher J. Carney, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Assistant Director.   Of counsel on the brief was Anne D. Turner, Senior Associate Counsel, Office of General Counsel, Defense Finance and Accounting Services, of Columbus, Ohio.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3177

LICIA MOODY,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

———————————————

DECIDED: August 14, 2007

———————————————

Before NEWMAN, RADER, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Licia Moody appeals a January 31, 2007 decision by the Merit Systems Protection Board ("MSPB" or "Board") affirming her indefinite suspension from her position as an accounting systems administrator with the Defense Finance & Accounting Services ("DFAS"). <u>Moody v. Dep't of Defense</u>, No. AT0752060812-I-1 (Jan. 31, 2007). Because the MSPB's decision is fully supported by substantial evidence, in accordance with law, and not procedurally defective, arbitrary, or capricious, we <u>affirm</u>.

## I.  BACKGROUND

Ms. Moody was employed by DFAS as an accounting systems administrator in Pensacola, Florida.  On May 19, 2005, her security clearance and eligibility to occupy a sensitive position were revoked due to her long history of financial irresponsibility.  Since Ms. Moody's position required that she have access to sensitive information, this revocation meant she no longer met the qualifications of her position and could not perform her regularly assigned duties.  Therefore, DFAS assigned her non-sensitive duties to perform.

On April 19, 2006, DFAS sent Ms. Moody a Notification of Proposed Indefinite Suspension, which explained that she was being indefinitely suspended since she was no longer qualified for her position.  Ms. Moody contested the suspension in a written reply and requested to be permitted to continue performing non-sensitive duties until a decision was rendered in an appeal of the revocation of her security clearance.  However, on May 19, 2006 Ms. Moody was given written notice of the final decision regarding her indefinite suspension.  The notice denied her request to continue performing non-sensitive duties, since doing so would not promote the efficiency of the service, and indefinitely suspended her effective May 27, 2006.

Ms. Moody appealed to the MSPB, where an administrative judge issued an initial decision affirming her indefinite suspension.  Moody v. Dep't of Defense, No. AT0752060812-I-1 (Aug. 23, 2006).  Ms. Moody filed a petition for review with the Board, but the Board denied her petition, finding that no new evidence was presented and that the administrative judge made no errors of law or regulation that affected the outcome.  Moody v. Dep't of Defense, No. AT0752060812-I-1 (Jan. 31, 2007).

Accordingly, the initial decision became the final decision of the Board. Ms. Moody now appeals to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

Our review of the Board's decision is limited by statute. See 5 U.S.C. § 7703(c). We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Id. The petitioner bears the burden of establishing error in the Board's decision. See, e.g., Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

On appeal, Ms. Moody argues that the eleven-month delay between the revocation of her security clearance and the notification of her proposed suspension violated 5 C.F.R. Pt. 752 and DFAS 1426.1. Ms. Moody also contends that DFAS "set a preceden[t] when it allowed [her] to work over a year in a non-sensitive position even though [there] was no statute or regulation to substantiate [her] placement into a position other than the position [she] was hired for." We disagree.

Although Ms. Moody argues that the eleven-month delay between the revocation of her security clearance and the notification of her proposed suspension violated 5 C.F.R. Pt. 752 and DFAS 1426.1, nothing in those regulations sets a rigid timetable for the government to initiate an adverse action. At best, DFAS 1426.1 merely requires disciplinary actions to be taken "promptly." However, Ms. Moody's indefinite suspension, although an adverse action, was not disciplinary in nature. Moreover, Ms. Moody has failed to demonstrate that the delay adversely affected her ability to defend

herself, or otherwise affected the decision to indefinitely suspend her. Accordingly, her contention that the eleven-month delay between the revocation of her security clearance and the notification of her proposed suspension prejudiced her or violated the law is without merit.

The DFAS also did not "set a preceden[t] when it allowed [her] to work over a year in a non-sensitive position." Simply put, the DFAS's effort to find Ms. Moody non-sensitive work following the revocation of her security clearance does not prevent it from subsequently suspending her for losing her security clearance or give her any vested interest in her interim duties. See Skees v. Dep't of Navy, 864 F.2d 1576, 1578-79 (Fed. Cir. 1989) ("We do not subscribe to the view that when [an agency], whether through benevolence or self-interest, tries to keep an employee who loses his security clearance aboard in another capacity, it thereby opens itself up to administrative and judicial second-guessing.").

## III. CONCLUSION

Because the MSPB's decision is fully supported by substantial evidence, in accordance with law, and not procedurally defective, arbitrary, or capricious, we affirm.

No costs.